IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )          Cr. No. 97-40011-001 JPG
                                    )
FREDDIE D. COLE,                    )
                                    )
          Defendant.                )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Freddie D. Cole's *pro se* motion for a

reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States

Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 103).  The Court appointed counsel

for Cole, and counsel has moved to withdraw on the basis that she can make no non-frivolous

arguments in support of the defendant's request (Doc. 106).  *See Anders v. California*, 386 U.S.

738, 744 (1967).  The government has responded to the motions (Doc. 108).  Cole failed to

respond to counsel's motion although he was given an opportunity to do so.

Cole pled guilty to one count of conspiracy to possess with intent to distribute crack

cocaine and one count of possessing with intent to distribute crack cocaine.  At sentencing, the

Court found by a preponderance of the evidence that Cole's relevant conduct was at least 50

grams but less than 150 kilograms of crack cocaine.  The Court further found that Cole was a

career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which

is an offense level of 34.  Considering Cole's criminal history category of VI, established by his

career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327

months in prison.  The Court imposed a sentence of 262 months for each count, less than the

1

statutory maximum sentence established by Cole's convictions. *See* 21 U.S.C. § 841(b)(1)(B) & (C). Cole now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Cole cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and

sentences involving powder cocaine.  Cole, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Cole cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 106) and **DISMISSES** Cole's motion for a sentence reduction (Doc. 103) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is hereby Ordered to mail a copy of this Order to Defendant Freddie D. Cole, Reg. No. 03938-025, FCI Memphis, P.O. Box 34550, Memphis, TN 38134.

**IT IS SO ORDERED.**
**DATED: June 23, 2009.**


s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**